# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4343-15T1

NEW JERSEY DIVISION OF CHILD
PROTECTION AND PERMANENCY,

    Plaintiff-Respondent,

v.

J.C.,

    Defendant-Appellant/
    Cross-Respondent,

and

J.K.,

    Defendant.

_____

IN THE MATTER OF H.K.,

    Minor-Respondent/
    Cross-Appellant.

_____

        Argued November 14, 2017 — Decided November 21, 2017

        Before Judges Fisher and Fasciale.

        On appeal from Superior Court of New Jersey,
        Chancery Division, Family Part, Warren County,
        Docket No. FN-21-0168-14.

        Ryan T. Clark, Designated Counsel, argued the
        cause for appellant/cross-respondent (Joseph

E. Krakora, Public Defender, attorney; Mr. Clark, on the briefs).

Amy McKinsey, Deputy Attorney General, argued the cause for respondent New Jersey Division of Child Protection and Permanency (Christopher S. Porrino, Attorney General, attorney; Andrea M. Silkowitz, Assistant Attorney General, of counsel; Ms. McKinsey, on the briefs).

Olivia Belfatto Crisp, Assistant Deputy Public Defender, argued the cause for minor-respondent/cross-appellant H.K. (Joseph E. Krakora, Public Defender, Law Guardian, attorney; Ms. Crisp, on the briefs).

PER CURIAM

Defendant (the father) appeals from a February 5, 2015 order finding that he abused and neglected H.K., born in May 2004, because he was under the influence of heroin and allowed drug dealing out of the home where H.K. lived. H.K. cross-appeals from the same fact-finding order. The father argues there is insufficient evidence to support the judge's findings. H.K., through the law guardian, agrees, and contends that the judge erred by considering hearsay statements in an investigation summary from a caseworker. We agree with the law guardian because the judge relied on embedded hearsay statements made by a sergeant contained within the caseworker's report. We therefore remand for a new fact-finding hearing.

H.K. lived with his parents. H.K.'s mother previously admitted to abusing and neglecting him after she conceded her own drug usage harmed H.K. As to the father, the judge conducted the fact-finding hearing and took testimony from the caseworker. The judge admitted into evidence the caseworker's lengthy investigative report, which contained numerous statements from the sergeant.

In the report, the caseworker reported that the sergeant kept her informed about a search of the house. The caseworker wrote in her report that the sergeant said he had obtained a search warrant, the police had searched the house, and they had seized drugs from the residence. The caseworker stated in the report that the mother told the sergeant that the father used heroin and another person was selling drugs out of the house. The sergeant and mother did not testify at the hearing.

Rule 5:12-4(d) permits the Division of Child Protection and Permanency (Division) to submit hearsay evidence that conforms with the business records exception set forth in N.J.R.E. 803(c)(6). That exception provides that "[a] statement contained in a writing . . . made at or near the time of observation by a person with actual knowledge or from information supplied by such a person" is admissible "if the writing . . . was made in the regular course of business." N.J.R.E. 803(c)(6). Thus, Rule

5:12-4(d) permits the Division to submit in evidence "reports by staff personnel," but it must do so "pursuant to N.J.R.E. 803(c)(6) and 801(d)," which refer to the business record exception. Nonetheless, reports admitted pursuant to Rule 5:12-4(d) are still subject to other hearsay limitations, including those imposed by N.J.R.E. 805 concerning embedded hearsay statements. Pursuant to N.J.R.E. 805, "[a] statement within the scope of an exception to [N.J.R.E.] 802 shall not be inadmissible on the ground that it includes a statement made by another declarant which is offered to prove the truth of its contents if the included statement itself meets the requirements of an exception to [N.J.R.E.] 802."

N.J.S.A. 9:6-8.46(a)(3) permits a writing made as a record of an event relating to a child in an abuse and neglect hearing to be admissible in evidence "if the judge finds that it was made in the regular course of the business of any hospital or any other public or private institution or agency, and that it was in the regular course of such business to make it, at the time of the . . . event, or within a reasonable time thereafter." Like Rule 5:12-4(d), embedded hearsay statements contained in Division reports introduced for admission into evidence pursuant to this statute are still subject to N.J.R.E. 805.

Here, the sergeant's statements contained in the report are hearsay. The Division did not lay a proper foundation for the

admissibility of his statements, which the judge considered when conducting the hearing, rendering his oral opinion, and issuing the order under review. We conclude that admitting the sergeant's statements into evidence deprived the father and law guardian of a fair hearing, and may have unduly affected the judge's credibility findings and conclusions that the father abused and neglected H.K.

We therefore remand for a new fact-finding hearing. We leave the details of the hearing to the discretion of the judge. Because the judge will be making new findings of fact and conclusions of law after performing such a proceeding, we need not address the sufficiency of the evidence on this record. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION